IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARLEY-DAVIDSON MOTOR COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN TENGSHENG WEAVING TECHNOLOGY, et al., <br><br> Defendants. | Case No. 23-cv-02672 <br><br> **Judge Thomas M. Durkin** <br><br> **Magistrate Judge M. David Weisman** |

### AGREED MOTION FOR ENTRY OF A CONSENT JUDGMENT
### AS TO DEFENDANT PINK LEOPARD HOME CO. LTD (DEF. NO. 107)

Plaintiff Harley-Davidson Motor Company, Inc. ("Plaintiff"), by its counsel, moves this Honorable Court for Entry of a Consent Judgment as to Defendant pink leopard home Co. ltd (Def. No. 107) ("Defendant"). In support of this Motion, Plaintiff states as follows:

Defendant is a seller on the Walmart.com platform that is operated by Walmart, Inc. ("Walmart"). The settlement agreement between Plaintiff and Defendant (together, the "Parties") requires Walmart to transfer the settlement amounts from the funds held in Defendant's Walmart accounts to Plaintiff. However, Walmart will not transfer the funds without a Court Order. Thus, if the Court does not grant the Motion, the Parties will be unable to execute the terms of their agreements and the lawsuit will continue as to Defendant.

1

**STATEMENT OF FACTS**

On April 28, 2023, Plaintiff filed a complaint based on trademark infringement, counterfeiting, and false designation origin against, among others, Defendant. [1]. Plaintiff owns numerous valid and subsisting federally registered and common law trademarks ("HARLEY-DAVIDSON Trademarks"). [1] at ¶¶ 12–13; [1-1]. Defendant is a seller on Walmart's online marketplace, that offered for sale and sold products using infringing and counterfeit versions of the HARLEY-DAVIDSON Trademarks. *See* Exhibit 3 to the Declaration of Adraea Brown [15]; [16].

Plaintiff and Defendant initiated settlement discussions and subsequently reached an agreement. Specifically, Plaintiff and Defendant agreed that Defendant would cease all further infringing activity and pay to Plaintiff ten thousand dollars ($10,000) from its Walmart accounts for infringing the HARLEY-DAVIDSON Trademarks. The Parties also agreed that Plaintiff would dismiss Defendant from this action upon receipt of the payment. The proposed Consent Judgment accurately reflects the Parties' settlement agreement.

**ARGUMENT**

**I.  PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT APPROVE THE PROPOSED CONSENT JUDGMENT**

**A. Standard for Approval of a Proposed Consent Judgment**

A consent judgment is a court order which embodies terms agreed upon by the parties as a compromise to litigation. *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). It is essentially a judicially approved contract, for purposes of construction. *Id.* While maintaining all of the prestige of a judicial ruling, "it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all." *Id.* (quoting, *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986)). Moreover, it is the parties'

agreement which creates obligations embodied in the consent judgment, rather "than the force of the law upon which the complaint was originally based." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522.

A district court should enter a proposed consent judgment if it "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon which the complaint was based." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 383 (7th Cir. 2019). Courts give great deference to the settling parties when reviewing a proposed consent judgment, as this promotes the "particularly strong" public policy of encouraging settlement. *See Acosta v. Bratcher*, 343 F. Supp. 3d 108, 111–12 (W.D.N.Y. 2018) (discussing its deferential standard of review when deciding whether to approve a consent judgment).

To be sure, the court is not a mere "rubber stamp," obligated to accept and enforce any terms to which the parties agree. *N.L.R.B. v. Brooke Industries Inc.*, 867 F.2d 434, 435 (7th Cir. 1989). However, the reviewing court is not to substitute its judgment for the parties'; the court must merely assure itself that the terms are not unfair, unlawful, unreasonable, or in contravention to public policy. *Lopez-Aguilar*, 924 F.3d at 383; *Acosta*, 343 F. Supp. at 112. Absent a substantial showing in the record that the proposed consent judgment falls short of the above requirement, the district court is required to enter the order. *Acosta*, 343 F. Supp. at 112; 49 C.J.S. Judgments § 230 ("Within limitations imposed by positive requirements of law, any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and when so agreed, it is the duty of the court to permit such disposition and to enter judgment accordingly, which judgment will be given effect between the parties and their privies[.] Absent fraud or lack of consent, a trial court generally must approve an agreed or consent judgment."); 10 Cyc. of Federal Proc. § 35:71 (3d ed.). Further, just

as a consent judgment is not a judicial determination of any litigated rights (49 C.J.S. Judgments § 229), a federal court is not barred from entering a consent judgment even if the decree provides for broader relief than the court would have awarded after a full trial on the merits. *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522.

### B. The Proposed Consent Judgment Meets the Standard for Approval.

The proposed Consent Judgment "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon which the complaint was based." *Lopez-Aguilar*, 924 F.3d at 383. Further, the order is fair and reasonable, supported by public policy, and the express wishes of the parties. Thus, the proposed Consent Judgment should be entered.

The proposed Consent Judgment springs from and serves to resolve a dispute within the Court's subject matter jurisdiction. This court has original subject matter jurisdiction pursuant to the to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)–(b). The proposed Consent Judgment enjoins Defendant from infringing the HARLEY-DAVIDSON Trademarks, and the Court has jurisdiction to grant this relief. Proposed Consent Judgment at ¶ 1. This Court would retain subject matter jurisdiction over this matter for at least one hundred eighty (180) days after the Order is entered (Proposed Consent Judgment at ¶ 5), which is sufficient time to be sure the matter is fully resolved. *See Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006). Once the terms of the proposed Consent Judgment are fully executed, the dismissal with leave converts to a dismissal with prejudice, and the case is terminated—*i.e.*, the dispute is resolved. Proposed

4

Consent Judgment at ¶ 5. Thus, the proposed Consent Judgment springs from and serves to resolve a dispute within the Court's subject matter jurisdiction.

The proposed Consent Judgment is squarely within the general scope of the pleadings. The Complaint alleges claims of trademark infringement and counterfeiting, and false designation of origin, and the requested relief is both injunctive and monetary. [1]. The proposed Consent Judgment states, in part, that Plaintiff and Defendant have resolved all claims "arising from the allegations in the Complaint[,]" and Defendant is enjoined from infringing Plaintiff's federally registered intellectual property. Proposed Consent Judgment at p. 1, ¶ 1. Thus, the proposed Consent Judgment is within the general scope of the pleadings.

Finally, the proposed Consent Judgment furthers the objectives of trademark law. [1] The Lanham Act provides for remedies to trademark owners whose trademarks have been infringed. *See, e.g.,* 15 U.S.C §§ 1114, 1117. The proposed Consent Judgment furthers these objectives.

None of the terms in the proposed Consent Judgement, or the negotiations which preceded its drafting, are unfair, unreasonable, illegal, or in contravention of public policy. The Order's terms were mutually reached by the Parties, all of which are represented by counsel.

## **CONCLUSION**

Given the proposed Consent Judgment meets the requirements for approval, Plaintiff respectfully requests that the Court grant the Motion for Entry of Consent Judgment as to Defendant.

Dated this 1st day of August 2023.

Respectfully submitted,

/s/ Marcella D. Slay
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Berel Y. Lakovitsky
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
msaly@gbc.law
blakovitsky@gbc.law

*Counsel for Plaintiff*
*Harley-Davison Motor Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of August 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a Notice of Electronic Filing to attorneys of record.

                                               s/ Marcella D. Slay
                                               Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Berel Y. Lakovitsky
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
msaly@gbc.law
blakovitsky@gbc.law

*Counsel for Plaintiff*
*Harley-Davison Motor Company, Inc.*